UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BRENTON WOMBLES**                                                                                               **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:09CV-P245-H**

**KENTUCKY STATE REFORMATORY** *et al.*                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Brenton Wombles filed this action under 42 U.S.C. § 1983. Plaintiff's amended complaint is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss part of Plaintiff's claims but will allow others to proceed for further development.

### I. SUMMARY OF CLAIMS

Plaintiff's claims stem from his incarceration at the Kentucky State Reformatory ("KSR"). Since he filed the action, however, he has been transferred to the Taylor County Detention Center. Plaintiff initially filed this action jointly with two other prisoners. However, on August 28, 2009, the Court ordered that the claims be severed because they did not meet the requirements for joinder under Fed. R. Civ. P. 21 and ordered Plaintiff to file an amended complaint setting forth the allegations pertaining only to him.

In Plaintiff's amended complaint, he sues Ronald Fanning, Lieutenant; Ravonne Sims, CUA II; John Harless, CUA II; John David Donahue, Warden; Clark Taylor, Deputy Warden; and Jesse Stacks, CUA I. Plaintiff sues each Defendant in his or her individual and official capacities.

In the amended complaint, Plaintiff describes an incident on September 25, 2008, in which his brother was physically attacked by another inmate while waiting outside an office

where Plaintiff was meeting with Defendant Sims.  Plaintiff claims that Defendant Sims unfairly penalized his brother while the attacker was not penalized.  He claims that after the altercation Defendant Sims verbally berated and harassed Plaintiff and kept him "in her office for over Two Hours, Tourmenting him and causing Great Mental and Emotional Pain for No legitimate reason what so Ever."  Plaintiff alleges that Defendant Sims' actions were retaliation for a grievance he filed.  Plaintiff also claims that his brother was also retaliated against.  Plaintiff alleges that the "Whole Series of events appeared to be malicious & Discriminatory reguarding The Wombles brother's."

Plaintiff also alleges that the following day Defendant Sims had him removed from her unit against his will as further retaliation.  He complains that he was moved to a cell with another inmate who "smokes cigarettes and bullies young inmates."  Plaintiff states that the other inmate "Smoked lots of Ciggerrettes and Weed in our cell A day.  The Window in our Cell doesn't open, so I am forced to breath Smoky Air.  I spent about 12 hours A day in this Smoky environment."  Plaintiff states that he sent letters to Defendant Warden Donahue about the problem but Donahue did not move him to a different cell.  He claims that "Donahue's refusal to move me to A different cell or otherwise end my exposure to Second Hand Smoke amounts to Deliberate Indifference to an unreasonable Risk of Serious Harm.  As a matter of fact I have the result of Severe Asthma and have to take medicine Twice A day for this Problem."  Plaintiff also claims that his "attempts to be allowed to return to Dorm 1 were denied by CUA I Jesse Stacks with the Explainations That "They Just Don't Want You back There."  Plaintiff also claims that Defendant Deputy Warden Clark Taylor "filed an informal response to A Grievance outlining The Aforementioned events," in which Taylor stated that no investigation was warranted.

Plaintiff also claims that Defendant Lt. Ronald Fanning "has Continuously Harassed me calling me a Con-man, asshole, and generally To intimidate me." Finally, "as for more on Retaliation Claims," Plaintiff claims that he was transferred to the Taylor County Detention Center in June 2009 by Defendant Unit Director John Harless when he was within four months of completing auto-body and e-learning classes.

Plaintiff alleges that the above-mentioned actions were violations of the First Amendment, the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment. As relief, Plaintiff seeks $2,500 in money damages, $5 million in punitive damages, and injunctive relief in the form of "releive Defendants of Their Positions to Prevent future Problems."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

## III.  ANALYSIS

**A.     Kentucky State Reformatory**

While KSR was listed as a Defendant in the original complaint, Plaintiff does not name KSR as a Defendant in the amended complaint.  Therefore, KSR will be dismissed by separate order for failure to state a claim upon which relief may be granted.

**B.     Official-capacity claims for monetary damages**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants, each employees of the Commonwealth of Kentucky, are therefore actually claims against the Commonwealth.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Upon review, the Court concludes that the official-capacity claims against the Defendants for monetary damages must be dismissed on two bases.  First, a state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment[1] acts as a bar to claims for monetary damages against the

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility.  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

Defendants. A state, its agencies, and its officials may not be sued in their official capacities for damages in federal court unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, Plaintiff's official-capacity claims against Defendants for monetary damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

**C.**     **Injunctive relief**

Plaintiff also seeks injunctive relief, specifically, that the Court "Releive Defendants of Their Positions to Prevent future Problems." Since filing this action, Plaintiff has been transferred to the Taylor County Detention Center. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Here, because of his transfer, Plaintiff would derive no benefit from granting the requested relief, and his claim for injunctive relief has been mooted. Accordingly, the Court will dismiss the claim for injunctive relief for failure to state a claim upon which relief may granted.

**D.    Individual-capacity claims for monetary damages**

**1.    Harassment**

Plaintiff claims that Defendant Sims verbally berated and harassed him and that Defendant Fanning harassed him and tried to intimidate him. Although verbal abuse by prison officials is not condoned, the law is clear that even if the allegation of verbal abuse is true, verbal abuse by itself does not violate the Constitution. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff's idle threats to hang a prisoner did not give rise to a § 1983 action). The Court is therefore required to dismiss Plaintiff's claims regarding these Defendants' non-physical harassment for failure to state a claim upon which relief can be granted.

**2.    Retaliation**

Plaintiff claims that Defendant Sims retaliated against him for filing a grievance by harassing and berating him. He also claims that Defendant Harless retaliated against him by transferring him out of KSR to the Taylor County Detention Center. Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). A retaliation claim requires three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Id.*

7

Plaintiff's retaliation claim against Sims for harassing and berating him does not state a cognizable claim. Verbal harassment would not deter a person of ordinary firmness from engaging in protected conduct. *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003). "An inmate has no right to be free from verbal abuse, . . . and minor threats do not rise to the level of a constitutional violation." *Id.* (citing *Ivey*, 832 F.2d at 954-55; *Thaddeus-X*, 175 F.3d at 398).

Furthermore, Plaintiff's retaliation claim against Defendant Harless also fails. A prisoner has no inherent constitutional right to be confined in a particular prison. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Nor does a prisoner have a retaliation claim when he is transferred from one prison to another: "[T]ransfer from one prison to another prison 'cannot rise to the level of an "adverse action" because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights.'" *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003) (citation omitted).

### 3. Grievance handling

Plaintiff claims that Defendant Deputy Warden Taylor denied his grievance complaining of exposure to secondhand smoke. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those

8

who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial or handling of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation. *Id.*

Accordingly, Plaintiff's claim against Defendant Taylor concerning Taylor's denial of Plaintiff's grievance will be dismissed for failure to state a claim upon which relief may be granted.

    **4.    Secondhand smoke exposure**

Plaintiff claims that Defendant Sims retaliated against him for filing a grievance by transferring him to a cell where he was exposed to secondhand cigarette smoke. He also alleges deliberate indifference claims against Defendants Sims, Donahue, and Stacks based on his secondhand smoke exposure. Upon review, the Court will allow these claims to go forward against Sims, Donahue, and Stacks in their individual capacities for monetary damages.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet
4412.010